# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| GABRIEL ADRIAN FERRARI, | ) | |
| | ) | Case No. 3:19-cv-422 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge H. Bruce Guyton |
| WILLIAM EDWARD HASLAM et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

On October 29, 2019, United States Magistrate Judge H. Bruce Guyton filed his report and recommendation (Doc. 4) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Guyton recommended that Plaintiff be allowed to file his complaint without prepayment of costs, but that the complaint be dismissed for jurisdictional deficiencies. Magistrate Judge Guyton also recommended dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff did not allege sufficient facts in his complaint to make out a legally cognizable claim against Defendants. On November 11, 2019, Plaintiff filed objections to the report and recommendation (Doc. 5). For the following reasons, the Court will **ACCEPT** and **ADOPT** the report and recommendation (Doc. 4) pursuant to 28 U.S.C. § 636(b)(1), and **ORDER** that the action be **DISMISSED WITHOUT PREJUDICE** for jurisdictional deficiencies.

### I. BACKGROUND

In his report and recommendation, Magistrate Judge Guyton noted that Plaintiff's complaint is "difficult to understand" but appears to restate allegations Plaintiff made five years

ago in this Court, in an action which he voluntarily dismissed. (Doc. 4, at 1, 5.) Despite the confusing nature of the complaint, Magistrate Judge Guyton was able to glean that "Plaintiff broadly alleges that a group of persons residing in and around Rutledge, Tennessee, somehow aided by former Tennessee Governor Haslam, entered into a conspiracy to murder the Plaintiff." (*Id.* at 1–2.) Magistrate Judge Guyton interpreted Plaintiff's complaint as further alleging that the motivation to murder Plaintiff was somehow related to his reports on the activities of a secret criminal organization. (*Id.* at 2.) Although Plaintiff has objected to Magistrate Judge Guyton's report and recommendation, Plaintiff's objection fails to clarify his allegations or specify which allegations, if any, Magistrate Judge Guyton incorrectly summarized. (*See generally* Doc. 5.) Additionally, the Court's independent review of Plaintiff's complaint and Magistrate Judge Guyton's report and recommendation confirms that background set forth in the report and recommendation, including the summary of Plaintiff's allegations, is accurate. Accordingly, for the purposes of reviewing Plaintiff's objections to Magistrate Judge Guyton's report and recommendation, the Court **ADOPTS BY REFERENCE** the factual and procedural background set forth in the report and recommendation (Doc. 4).

## II. STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Plaintiff's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or

one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Id.* "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* The Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

### III. ANALYSIS

Although Plaintiff filed a four-page objection to Magistrate Judge Guyton's report and recommendation, the objections are "not sufficient to alert the court to alleged errors on the part of the magistrate judge." *See VanDiver*, 304 F. Supp. 2d at 937. The objections seek to disqualify Magistrate Judge Guyton by accusing him of corruption, but Plaintiff cites only Magistrate Judge Guyton's recommendation of dismissal as evidence of his alleged corruption. (*See generally* Doc. 5.) The objections additionally purport to more fully explain the allegations in the complaint, but they fail to show that the allegations state a claim for relief. Most importantly, Plaintiff does not address Magistrate Judge Guyton's conclusion that the Court lacks subject-matter jurisdiction because Plaintiff does not assert a federal claim and is not

3

diverse from the defendants. (*See* Doc. 4, at 4.) After independently reviewing Plaintiff's complaint and the report and recommendation, the Court agrees with Magistrate Judge Guyton's well-reasoned conclusions and his stated reasons for recommending dismissal of Plaintiff's claims.

IV. **CONCLUSION**

For the reasons stated herein, the Court hereby **ACCEPTS** and **ADOPTS** the Magistrate Judge Guyton's Report and Recommendation (Doc. 4) pursuant to 28 U.S.C. § 636(b)(1), and **ORDERS** that this action be **DISMISSED WITHOUT PREJUDICE** for jurisdictional deficiencies.

Additionally, given Plaintiff's repeated frivolous lawsuits and filings, the Court will refer the Plaintiff to Chief Judge Pamela L. Reeves for consideration of whether injunctive measures are appropriate pursuant to Standing Order 18-04. Plaintiff has now filed at least three frivolous lawsuits and repeatedly filed frivolous motions in those lawsuits. *See Ferrari v. Grainger County, Tenn., et al.*, Case No. 3:14-cv-66; *Ferrari v. Shelter Insurance Companies, et al.*, Case No. 3:16-cv-591; *Ferrari v. Haslam*, Case No. 3:19-cv-422. Pursuant to Standing Order 18-04, the judges of this District have delegated to the chief judge the authority to enter injunctions "limiting filings by individuals who have abused the legal process and adjudicate any matters arising from those injunctions." The standing order further provides that "[d]istrict judges will refer litigants with a history of repetitive, vexatious, or frivolous litigation to the chief judge to determine whether an injunction is appropriate." *Id*. Plaintiff qualifies for such a referral.

Accordingly, pursuant to Standing Order 18-04, Gabriel Adrian Ferrari is hereby **REFERRED** to Chief Judge Pamela L. Reeves for review and determination of whether an injunction is appropriate based on Plaintiff's repetitive and frivolous filings in this case.

**SO ORDERED.**

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**