# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| GABRIEL ADRIAN FERRARI, ) | |
| ) | Case No. 3:19-cv-422 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge H. Bruce Guyton |
| WILLIAM EDWARD HASLAM et al., ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff Gabriel Adrian Ferrari's "motion to supplement exhibitions" (Doc. 8) and motion to alter judgment (Doc. 9). On November 14, 2019, the Court accepted and adopted United States Magistrate Judge H. Bruce Guyton's report and recommendation (Doc. 4) and dismissed Plaintiff's claims without prejudice for jurisdictional deficiencies. (Docs. 6, 7.) At that time, the Court also referred Plaintiff to Chief District Judge Pamela L. Reeves "for consideration of whether injunctive measures are appropriate pursuant to Standing Order 18-04[,]"due to Plaintiff's "repeated frivolous lawsuits and filings." (Doc. 6, at 4.) For the reasons set forth below, Plaintiff's motion to alter the Court's judgment of dismissal (Doc. 9) will be **DENIED**.

On October 29, 2019, Magistrate Judge Guyton filed his report and recommendation (Doc. 4) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). In his report and recommendation, Magistrate Judge Guyton noted that the complaint is "difficult to understand" but that Plaintiff appears to restate allegations he made five years ago in this Court, in an action which he voluntarily dismissed. (Doc. 4, at 1, 5.) Despite the confusing nature of

the complaint, Magistrate Judge Guyton was able to glean that "Plaintiff broadly alleges that a group of persons residing in and around Rutledge, Tennessee, somehow aided by former Tennessee Governor Haslam, entered into a conspiracy to murder the Plaintiff." (*Id.* at 1–2.) Magistrate Judge Guyton interpreted Plaintiff's complaint as further alleging that the motivation to murder Plaintiff was somehow related to his reports on the activities of a secret criminal organization. (*Id.* at 2.) Magistrate Judge Guyton recommended that Plaintiff be allowed to file his complaint without prepayment of costs, but that the complaint be dismissed for jurisdictional deficiencies. On November 8, 2019, Plaintiff filed objections to the report and recommendation (Doc. 5). These objections were stylistically similar to Plaintiff's complaint and failed to address the Court's subject-matter jurisdiction over this action. (*See generally* Doc. 5.)

Under Rule 59(e), a court may alter a judgment when there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833–34 (6th Cir. 1999); *ACLU v. McCreary Cty.*, 607 F.3d 439, 450 (6th Cir. 2010). In his motion, Plaintiff seeks to alter or amend the Court's judgment of dismissal by restating the same outlandish allegations of conspiracy and corruption present in his complaint. (*See generally* Doc. 9.) He presents no factual allegations or legal arguments in his motion. Plaintiff provides no grounds for the Court to alter its judgment that it lacked jurisdiction over his complaint, and, thus, he has not met his burden to establish that he is entitled to relief under Rule 59(e). Accordingly, his motion for such relief (Doc. 9) is **DENIED**. Plaintiff's motion to supplement (Doc. 8) is **DENIED AS MOOT**.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**